**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BURTON RITCHIE,<br>BENJAMIN GALECKI,<br><br>Defendants. | Case No.: 2:15-cr-0285-APG-EJY<br>Case No.: 2:20-cr-0163-APG-EJY<br>Case No.: 2:20-cr-0164-APG-EJY<br><br>**Order Confirming Video Sentencing Hearing** |

Defendants Charles Burton Ritchie and Benjamin Galecki were convicted in case number 2:15-cv- cr-0285-APG-EJY on July 3, 2019. ECF No. 439.  They are scheduled to be sentenced in that case and the two related cases on September 9, 2020.[1]  The defendants are being held in custody at the Nevada Southern Detention Center.

After much discussion over several months among the parties, counsel, and the court, the defendants have waived their right to appear in person at their sentencing hearing.  Further delay of the sentencing will result in serious harm to the interests of justice.  I base this on several factors, including the nearly 14 months since the jury's verdict, the relationship of the sentencings in all three cases, the defendants' expressed intention to appeal their convictions, and the importance of moving the defendants to the facility where they will serve their time so they may take advantage of the Bureau of Prisons programming and earn time credits as soon as

---

[1] The related cases are Case No.: 2:20-cr-0163-APG-EJY and Case No.: 2:20-cr-0164-APG-EJY.  Both were transferred here under Federal Rule of Criminal Procedure 20. The defendants have pleaded guilty in those cases based on plea agreements.

programming resumes. Based on these reasons, I will conduct the sentencing hearing by video conference. *See* CARES Act, H.R. 748, Public Law No. 116-136.

Shelley and Chris LaDue are the parents of Christopher Karl LaDue, Jr., who died after smoking synthetic marijuana manufactured by the defendants. ECF No. 572. They wish to allocute in person at the sentencing hearing. I surmise the LaDues believe their allocution will be more powerful or moving if delivered in person. The defendants contest that the LaDues are truly victims but, regardless, oppose allowing them to appear in person when all other participants will be appearing by video.[2]

The Crime Victims Rights Act affords victims "the right to be reasonably heard at any public proceeding in the district court involving . . . sentencing . . . ." 18 U.S.C. § 3771(a)(4).[3] "The statute was enacted to make crime victims full participants in the criminal justice system. Prosecutors and defendants already have the right to speak at sentencing, . . . crime victims [are entitled to be] on the same footing." *Kenna v. U.S. Dist. Court for C.D.Cal.*, 435 F.3d 1011, 1016 (9th Cir. 2006). But nothing in the statute guarantees crime victims the right to appear in person for sentencing when the other participants are not.

Obviously, the country is grappling with the COVID-19 pandemic. The courts are not immune from the virus. This District, like courts across the country, is trying to balance the risks of spreading the virus with the goal of keeping the court open and conducting hearings. This District has adopted and amended various General Orders over the past several months to appropriately balance the competing risks and goals as the pandemic has developed. Masks and

---

[2] The defendants had previously insisted on appearing in person at the sentencing hearing if any victim is permitted to allocute in person. Testifying in person creates significant negative effects on the defendants' ability to prepare and to confer with counsel, as discussed below.

[3] *See also*, Fed. R. Crim. P. 32(i)(4)(B) (requiring the sentencing judge to "address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard").

social distancing are required. We are trying to minimize the number of people coming into the courthouses, including litigants, detainees, prospective jurors, lawyers, court employees, and the public. Even with these precautions, the virus has been detected in visitors and court employees.

Temporary General Order 2020-09 requires that detainees who are to attend a court hearing in person be tested for COVID-19 and then quarantined between the time of the test and the court appearance. The defendants' access to their lawyers and the law library is limited while in quarantine. This has a more significant impact on defendant Galecki as one of his lawyers, Mr. Miceli, was recently appointed on the two transferred cases. Galecki contends that, when faced with the choice of appearing in person for sentencing but then being denied access to counsel, he chose to have access to counsel. Galecki argues he should not be prejudiced for exercising his constitutional right to counsel by having speakers present in person when he is appearing remotely.[4] The Government disputes these concerns, suggesting they are cover for the defendants' desire to block the LaDues from testifying in person.

The Government points out that the LaDues understand the risks of COVID-19 and are willing to travel here nonetheless. But I must also consider the risk to others. If the LaDues travel to this courthouse for the hearing, they will necessarily interact with Court Security Officers at the screening post at the courthouse entrance, the Court Security Officer in the courtroom during the hearing, the Courtroom Deputy Clerk, the court reporter, me, employees of

---

[4] Defendant Ritchie also has issues related to his counsel as his lawyer, Mr. Snook, who lives in Virginia, is suffering from health issues that make cross-country travel very difficult, especially during the COVID-19 pandemic.

the court and other tenants, and members of the general public that happen to be in the building at that time.[5]  Each of these individuals would be exposed to the risk of contracting the virus.

Finally, there is no indication that having the LaDues appear by video conference will be unreasonable or make their allocation less persuasive.  I have conducted many hearings by video since the onset of the COVID-19 pandemic.  A few weeks ago I conducted a civil bench trial entirely by video with lawyers and witnesses in Canada, Minnesota, Nevada, and Texas.  I was able to understand the testimony and weigh credibility.

COVID-19 is having a terrible impact on our country and Southern Nevada in particular.  We must all do what we reasonably can to minimize its spread.  This District's General Orders strive towards that goal.  The LaDues' in-person appearance at this sentencing hearing would be unreasonable and impractical in light of the health and safety concerns recognized in those General Orders.  Conducting the sentencing hearing in this case by video is authorized by the CARES Act, protects the parties and the public, and affords the defendants and the victims a safe and reasonable opportunity to be heard.  The LaDues may appear by video just as everyone else will.  They will be "full participants" and "on the same footing" as the prosecutor, the defendants, and their counsel.  This fulfills the goal of the Crime Victims Rights Act and balances the harms currently faced by the court and the country.

DATED this 27th  day of August, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[5] This does not include the defendants, their lawyers, the deputy marshals, and the prosecutors who would be present if they decided to join the LaDues in the courtroom.