CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES BURTON RITCHIE,<br>a/k/a Burton Ritchie, and<br>BENJAMIN GALECKI,<br>a/k/a Zencense Ben,<br><br>　　　　Defendants. | 2:20-CR-164-APG-EJY<br><br>**Motion for Disbursement Notice and Order to Escrow Agent Nina Ginsberg, Partner, DiMuroGinsberg, PC , to Disburse $100,000 of the $404,971.10 to the Estate of Victor Orlando Woolson from the Escrow held in her Attorney Trust Account of the law firm of DiMuroGinsberg, PC, and Order** |

　　　　As a courtesy to this Court and to assist the distribution of the non-forfeited funds between escrow, the defendants, and private parties, the government requests this Court to provide notice and to order Escrow Agent Nina Ginsberg, Partner, DiMuroGinsberg, PC, (Ms. Ginsburg) to disburse $100,000 of the $404,971.10 of non-forfeited funds to the Estate of Victor Orlando Woolson (Estate), from the Escrow held in her Attorney Trust Account of the law firm of DiMuroGinsberg, PC (Attorney Trust Account). Escrow agreements addressed the sale of Charles Burton Ritchie's (Ritchie) and Stephanie Ritchie's two properties and the sale proceeds of the two properties placed into escrow.[1]

　　　　Teresa Woolson (Ms. Woolson) as administrator of the Estate, Ritchie, and ZIW, LLC, agreed to a judgment of $100,000 against Ritchie and ZIW, LLC, in the State of New York Surrogate Court. Of the non-forfeited money of $404,971.10 designated in the plea

---

[1] Exhibit (Ex.) 1-2, Escrow Agreements for the Sale of two of Ritchies' properties, both attached hereto and incorporated herein by reference as if fully set forth herein.

agreement filed in the District of Nevada,[2] the parties agreed that $100,000 will be paid to Ms. Woolson for the Estate from the Attorney Trust Account.[3]

This above-named payment *does not pay* and *does not satisfy* Galecki's criminal forfeiture money judgment of $30,000 in 2:20-CR-164-APG-EJY and *does not pay and does not satisfy* Ritchie's and Galecki's criminal forfeiture judgment of $2,534,319.62 in 2:15-CR-285-APG-EJY.

When the Eastern District of Virginia, pursuant to Fed. R. Crim. P. 20, transferred this case to this Court, this District Court Judge has and continues to have exclusive jurisdiction over the sale proceeds of the assets.[4]

### III. CONCLUSION

This Court has exclusive jurisdiction to provide notice and to order Ms. Ginsburg to distribute the non-forfeited funds of $100,000 to the Ms. Woolson for the Estate as agreed upon by the exhibits.

Dated: June 9, 2021.

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney
/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2021.

---

[2] ECF No. 18 in 2:20-cr-00164-APG-EJY.
[3] Ex. 3, Settlement Agreement Release of Escrow Officer; Ex. 4, State Of New York Surrogate Court Decree; Ex. 5, Release between Woolson and Ritchie and ZIW, LLC, all attached hereto and incorporated herein by reference as if fully set forth herein.
[4] *Penn General Casualty Co. v. Commonwealth of Pennsylvania*, 294 U.S. 189, 194-197 (1935); *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939); *Donavan v. City of Dallas*, 377 U.S. 408, 412 (1964); *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 363 (1984); *United States v. Close*, 931 F.3d 1218, 1219 (9th Cir. 2019) (quoting *United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 n.4 (9th Cir. 1996).